MR. JUSTICE MORRISON,
specially concurring:
I concur in the result but not in all that is said in the majority opinion.
Specifically, I take issue with that portion of the majority opinion wherein it is stated:
“Further, where, as here, two defendants are involved, summary judgment granted in favor of one allows the remaining defendant to introduce evidence that tends to shift blame for the accident to one no longer a party to the action.”
This is no reason to refuse summary judgment against the defendant not at fault.
The majority opinion seems to take the position that summary judgment will never be granted in favor of one defendant, where there are multiple defendants, for the reason that the remaining defendants can shift the blame for the accident to one who is no longer a party to the action. Of course, if those defendants remaining in the case attempted to shift blame to a defendant in favor of whom summary judgment had been entered, the plaintiff could then reply by showing that the court had absolved the absent defendant. Nevertheless, the trial strategy of the parties is not relevant to a determination of whether there is a genuine issue of material fact foreclosing the entry of summary judgment. The only determination in this case is whether a jury issue exists with respect to the defendant. If no jury issue exists then summary judgment should be granted irrespective of what the remaining defendant argues at trial.
Here there is a genuine issue of material fact on negligence and causation which forecloses the granting of summary judgment. Therefore, the case is properly remanded for *373 trial.
MR. JUSTICE SHEA joins in the special concurrence of MR. JUSTICE MORRISON.